UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KATHERINE C. GARCIA                                        CIVIL ACTION

v.                                                         NO. 15-3794

BOARD OF TRUSTEES OF THE                                   SECTION "F"
INSULATORS WORKERS LOCAL #53
PENSION AND WELFARE FUND

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion to dismiss, noticed for submission on September 30, 2015, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] Alleging in part that her former employer retaliated against her and that her termination violated Title VII of the Civil Rights Act of 1964 because it was based on her national origin, as well as asserting state law claims, the plaintiff sued her former employer, Board of Trustees of the Insulators Workers Local #53 Pension and Welfare Fund, in state court. The Fund removed the suit to this Court and now seeks to dismiss Ms. Garcia's Title VII claims and to remand the remaining state law claims.
    First, the Fund submits that the plaintiff fails to allege that the Fund has a sufficient number of employees to be covered by Title VII. Second, the Fund submits that dismissal of the Title VII claim is warranted because the plaintiff fails to allege that she is a member of the Heat and Frost Insulators and Allied Workers Local #53 (Union) such that the Fund as "agent" of the Union could be liable as a labor organization. The Court agrees. And the plaintiff offers no arguments in response to the

IS ORDERED: that the defendant's motion to dismiss is hereby GRANTED as unopposed. The plaintiff's Title VII claims are hereby dismissed.[2]

IT IS FURTHER ORDERED: that the remaining (state law) claims are hereby remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson. 28 U.S.C. § 1441(c)(2).

---

defendant's motion. Nor has the plaintiff attempted to amend the deficient allegations of her state court petition. Accordingly, dismissal of the plaintiff's Title VII claims is appropriate.
 Under Title VII, the term "employer" is defined as "[a] person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Although the plaintiff alleges, in conclusory fashion, that the Union has "15 or more members," nowhere does Garcia allege that her former employer and the only named defendant, the Fund, has the requisite number of employees to trigger Title VII. Rather, the facts she alleges in support of her claims suggest that neither the Fund nor the Union, nor a combination of the two, suffice to meet the employer threshold. She alleges that the Fund had two employees and that the Union had five employees; whom she identifies by name. Even combining the Fund's and the Union's employees totals a mere seven employees, falling below the requisite 15-employee threshold for Title VII employer status. Moreover, because the plaintiff fails to allege that she was a member (or sought to be a member of a labor organization), her Title VII claims against the Union or against the Fund in its capacity as an "agent" of a labor organization must be dismissed for failure to state a claim. Simply put, the plaintiff's allegations concerning her Title VII claims do not contain sufficient facts, taken as true, to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007).

[2] This matter was previously pending before Magistrate Judge Knowles, who scheduled oral argument on the defendant's motion to dismiss. However, one of the parties refused to consent to proceed before Magistrate Judge Knowles and the referral was vacated on September 17, 2015. The oral argument previously scheduled before Magistrate Judge Knowles is cancelled.

New Orleans, Louisiana, September 28, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE